THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERICK RIOS-JIMENEZ,<br><br>Defendant. | CASE NO. CR18-0104-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for revocation of his pre-trial detention order (Dkt. No. 17). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I. **BACKGROUND**

Defendant, who is currently thirty-one years old, was born in Mexico. (Dkt. No. 17 at 3.) He does not have legal status in the United States. (Dkt. No. 21-4 at 4.) His mother brought him to the United States at age seven. (Dkt. No. 17 at 3.) While in the United States, Defendant committed a number of crimes unrelated to his immigration status, both as a juvenile and as a young adult. (Dkt. No. 11 at 4–7) (sealed). He was last arrested for a crime unrelated to his immigration status in 2010. (*Id*. at 6) (sealed). Defendant has been deported to Mexico on three occasions, the last being in 2011, following a plea agreement for unlawful entry. (*Id*. at 7)

(sealed). Defendant returned in 2013 to gain custody of his now ten-year-old daughter. (Dkt. No. 17 at 6.) This followed the Department of Social and Human Services' ("DSHS") move to terminate the mother's parental rights. (Dkt. No. 17 at 6.) Defendant has remained in the United States since then and, by all accounts, has not engaged in criminal activity, other than immigration violations. (Dkt. Nos. 17 at 6–7, 21 at 4–6.) Defendant was most recently arrested for unlawful entry in Lynwood, Washington on April 4, 2018, after law enforcement learned that he had previously been deported from the United States. (Dkt. No. 21 at 1–2.) The Government later filed a complaint alleging Defendant is subject to criminal penalties pursuant to 8 U.S.C. section 1326(a) for immigration violations. (Dkt. No. 1.) The Government then moved for pre-trial detention. (Dkt. No. 6.)

The Honorable Brian A. Tsuchida, United States Magistrate Judge, held a pre-trial detention hearing relating to the Government's pending unlawful entry charge on May 2, 2018. (Dkt. No. 12.) United States Probation and Pretrial Services ("Probation") recommended that Defendant be released on an appearance bond. (Dkt. No. 11 at 8) (sealed).[1] Despite Probation's recommendation, Judge Tsuchida found that no condition of release could adequately assure the safety of the community from Defendant, given his criminal history. (Dkt. No. 13 at 1.) Judge Tsuchida then granted the Government's motion for a detention order. (*Id*. at 2.) Defendant now moves to revoke Judge Tsuchida's order. (Dkt. No. 17.) Defendant asserts the Government did not and cannot meet its burden to demonstrate that Defendant poses a significant risk of nonappearance and/or that he poses a danger to the community. (*Id*. at 7–12.) The Government opposes Defendant's motion. (Dkt. No. 21.)

## II. DISCUSSION

A defendant ordered detained by a magistrate judge may request that the district court

---

[1] Probation reached this recommendation after concluding that Defendant's risk of nonappearance and risk to the community were mitigated by Defendant's "extremely limited" ties to Mexico, his nation of citizenship, and the temporal distance and nature of his criminal history. (Dkt. No. 11 at 7) (sealed).

with original jurisdiction either revoke or modify the order. *See* 18 U.S.C. § 3145(b). A district court reviews a magistrate judge's order for pre-trial detention *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir. 1990). Such detention determinations are governed by the Bail Reform Act. 18 U.S.C. § 3142. Pre-trial detention is appropriate where the Government proves, by clear and convincing evidence, that the defendant presents a danger to the community or, by a preponderance of the evidence, that the defendant poses a significant risk of nonappearance. 18 U.S.C. § 3142(e)(1); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). Pre-trial detention is not appropriate if conditions of release can reasonably assure a defendant's appearance and the safety of the community. *Id*. To determine if such conditions are sufficient, the Court considers: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's history and characteristics, including character, family ties, employment, financial resources, community ties, past conduct, criminal history, and any failures to appear for court proceedings; and (4) the nature and seriousness of danger to the community. 18 U.S.C. § 3142(g).

Here, Probation recommends a number of conditions to reasonably assure the public's safety and Defendant's appearance. They include the prohibition of alcohol and related testing, travel restrictions, maintaining employment and residence, location monitoring, and a requirement that Defendant report to Probation within twenty-four hours of release from Immigration custody.[2] (Dkt. No. 11 at 8) (sealed).

**A.     Nature and Circumstances of the Offense Charged**

By felony information, the Government alleges that Defendant unlawfully entered the country after deportation. (Dkt. No. 8); *see* 8 U.S.C. § 1326(a). The crime involves neither victims, nor property damage, nor violence. *See* 18 U.S.C. § 3142(g)(1) (the Court must give special consideration to crimes of violence, terrorism, firearms, explosives, controlled substances, or the involvement of minor victims). Further, Defendant indicates he returned to the

---

[2] Defendant is currently subject to an immigration detainer. (*See* Dkt. No. 21-1 at 2.)

United States for the primary purpose of maintaining his parental rights and to care for his daughter.[3] (Dkt. No. 17 at 6.) The Government presents no evidence disputing this contention. (*See generally* Dkt. No. 21.) Therefore, this factor generally supports Defendant's release.

### B. Weight of the Evidence

Defendant has admitted he committed the crime alleged. (Dkt. No. 21-4 at 4.) Therefore, this factor supports Defendant's detention, although this "is the least important of the various factors." *Motamedi*, 767 F.2d at 1408.

### C. Defendant's History and Characteristics

Defendant illegally entered the United States on at least three occasions. (Dkt. No. 11 at 7) (sealed). He also committed a number of crimes as a juvenile and young adult unrelated to his immigration status. As a juvenile, he was adjudicated guilty of second degree robbery and fourth degree assault.[4] (*Id*. at 4) (sealed). As a young adult, he pled guilty to reckless endangerment, fourth degree assault, and the violation of a protection order, all related to a domestic violence incident.[5] (*Id*. at 5–6) (sealed). In addition, Defendant has failed to appear for required hearings on multiple occasions, resulting in the issuance of two bench warrants as a juvenile and seven bench warrants as a young adult. (Dkt. No. 11 at 4–7) (sealed). However, in the majority of those occasions, Defendant was in custody or had been deported and, therefore, was unable to appear. (Dkt. No. 17 at 3–5.)

Defendant's behavior has changed dramatically since he committed these crimes. He last entered the United States in 2013 to care for his daughter. Since then he has paid off the $7,000

---

[3] At the time, DHS was in the process of moving Defendant's daughter into foster care and terminating the mother's parental rights. (Dkt. No. 17 at 6.)

[4] He was also adjudicated guilty of possession of drug paraphernalia. (Dkt. No. 11 at 4) (sealed).

[5] In addition, he pled guilty to furnishing alcohol to a minor and driving under the influence. (Dkt. No. 11 at 5–6) (sealed). He was also cited on two occasions for driving with a suspended license and on two occasions for having an open container. (*Id*.) (sealed).

in fines and legal financial obligations relating to his previous crimes. (Dkt. No. 17-2 at 8–38.) He completed court-imposed parenting classes, a drug and alcohol evaluation, and an anger management class. (Dkt. No. 17-3 at 6–8.) He has been consistently employed as a construction worker. (Dkt. No. 11 at 3) (sealed). He is caring for and supporting an eight-month-old son from his current girlfriend and his ten-year-old daughter, all of whom live with him. (Dkt. No. 17 at 6.) Defendant also helps to care for his girlfriend's daughter from a prior relationship, for whom she shares custody with the father. (*Id.*)

Based on Defendant's history and characteristics as an adult, the Court concludes that he is likely to appear for proceedings on this matter. This is bolstered by the fact that any nonappearance may preclude Defendant's ability to pursue the immigration relief he currently seeks. (*See* Dkt. No. 17 at 7–10) (describing Defendant's efforts in obtaining relief to lawfully remain in the United States).

Therefore, while mixed, this factor generally supports Defendant's release.

### D. Safety of the Community

With the exception of a 2008 domestic violence incident and related protection order violation, Defendant's violent crimes all occurred when he was a minor. (*Id*. at 4–6) (sealed); (Dkt. No. 17 at 4). The Court does not find the ten-year-old domestic violence incident probative of the risk Defendant poses to the community today. Further, Defendant presents evidence indicating that his current girlfriend, whom he has been with for three years and has fathered a child with, his employer, and members of the community all support his release. (*See* Dkt. No. 17-4 at 2–3) (statements of support); (Dkt. No. 11 at 2) (sealed) (discussion of family ties by Probation in its First Supplemental Pretrial Services Report). In addition, the Court notes that aside from the domestic violence incident, the crimes that Defendant committed as a young adult unrelated to immigration matters involved vehicle and/or alcohol violations. (Dkt. No. 11 at 5–7) (sealed). Defendant subsequently completed a drug and alcohol evaluation, a substance abuse program, and has been subjected to drug testing. (Dkt. No. 17-3 at 2–8). In addition, Probation

recommends that alcohol testing be included as a condition of release. (Dkt. No. 11 at 8) (sealed). Therefore, this factor, while again mixed, generally supports Defendant's release.

Only one of the four factors supports pre-trial detention, and this factor is the least important of the factors. Accordingly, the Court finds that the Government has not met its burden in demonstrating that Probation's recommended conditions of release will not reasonably assure Defendant's appearance and the safety of the community.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion (Dkt. No. 17) is GRANTED. Judge Tscuhida's detention order (Dkt. No. 13) is REVOKED. Defendant shall be released on an appearance bond pending trial, subject to pretrial supervision and the conditions of release provided in Probation's First Supplemental Pretrial Services Report. (Dkt. No. 11 at 8) (sealed).

DATED this 29th day of May 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE